CLAUDIA A. COSTA
ccosta@grsm.com



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

October 7, 2020

**VIA ECF**
Honorable Lewis J. Liman, USDJ
United States District Court,
Southern District of New York
500 Pearl Street, Room 701
New York, New York 10007

Re: *O' Gorman v. Mercer Kitchen L.L.C. et al., No. 20-cv-01404*
Case No. 20-cv-01404

Dear Judge Liman:

The undersigned represents the Defendant Mercer Hotel Corp. in the above referenced matter. We are writing the Court in light of its Order of October 5, 2020 compelling Defendant Mercer Hotel Corp. to provide responses to the Request for Production of Documents served upon by Plaintiff.

The Court decided Plaintiff's motion to compel within 1 1/2 business days of its filing. This did not permit Mercer Hotel Corp. to bring to the Court's attention what it has now filed as a motion to dismiss for failure to exhaust administrative remedies. As set forth in the motion filed today, Plaintiff filed allegations of violations of Title VII and Title II of the Civil Rights Act. However, despite repeated requests for the Right to Sue Letter that Plaintiff alleges was issued, Plaintiff has refused to provide same to the Defendant. Upon information and belief, no Right to Sue Letter was issued with respect to Mercer Hotel Corp. because no allegations were filed before the EEOC by Plaintiff against Mercer Corp. Hotel.

Furthermore, Plaintiff did not provide the notice that is required before a Title II claim can be asserted.

Plaintiff was provided with a Rule 11 letter on October 1, 2020 given the failure to provide a Right to Sue Letter or confirm if one was issued. In response thereto, rather than produce the requested document to show that Plaintiff had indeed exhausted his administrative remedies, Plaintiff filed a motion to compel.

Unfortunately, the Court decided that motion in the day and a half before the Defendant could respond and advise of the aforementioned.

October 7, 2020
Page 2

It is respectfully, requested that the Court address the pending motions to dismiss since it goes to the very heart of this matter and whether the Plaintiff can proceed against this Defendant at all. This all could have been avoided if Plaintiff would have provided the Right to Sue Letter it specifically alleged it received. However, rather than doing that, the Plaintiff sought from this Court an order to compel discovery against the Defendant against whom it may not have the ability to even proceed.

It is therefore, respectfully requested that the Court stay its October 5, 2020 order with respect to the Mercer Hotel Corp., until such a time as at least the issue of failure to exhaust administrative remedies or provide the requisite notice is resolved.  These are simple issues which only requires the Plaintiff to meet is burden and produce the Right to Sue Letter and Notice it gave with respect to its claim under Title II of the Civil Rights Act.

We thank the Court for its consideration.

Respectfully Submitted,

/s/ Claudia A. Costa

Claudia A. Costa, Esq.

CC: All counsel of record via ECF

The Court's October 5, 2020 Order is STAYED pending consideration of Defendant's letter.  Plaintiff may file a response by October 9, 2020 at 5:00 p.m.

SO ORDERED. 10/8/2020.

_____
LEWIS J. LIMAN
United States District Judge