UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__2/16/2021__
```

----------------------------------------------------------------------X
                             :

P. O'GORMAN,                         :
                             :
              Plaintiff,       :
                             :          20-cv-1404 (LJL)
                             :
         -v-                 :      OPINION AND ORDER
                             :

MERCER KITCHEN L.L.C., MERCER HOTEL   :
CORPORATION n/k/a BD PRINCE MANAGER  :
CORP., and JEAN-GEORGES MANAGEMENT LLC, :
                             :
             Defendants.     :
                             :
----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Three motions are currently pending before the Court.  Defendant Mercer Hotel

Corporation ("Mercer Hotel Corp.") moves to dismiss the complaint for failure to state a claim

and also for failure to exhaust administrative remedies.  Dkt. No. 17, 37.[1]  Plaintiff P. O'Gorman

moves, pursuant to Fed. R. Civ. P. 15(a), to amend the complaint.  Dkt. Nos. 51, 60.  The

amended complaint would dismiss Mercer Hotel Corp. as a defendant and add three new

defendants: Mercer I, LLC, Mercer Operating, LLC, and Andre Balazs.  The Court addresses

Plaintiff's motion first.  The answer to that motion also resolves Mercer Hotel Corp.'s motions.

       Although framed as a motion under Rule 15(a), Plaintiff's motion is properly analyzed

under Rule 21 which addresses the joinder of parties.  Under Rule 21, a court may allow a party

to be added or removed "at any time, on just terms."  Fed. R. Civ. P. 21.  "In deciding whether to

---

[1] Mercer Hotel Corp. moved to dismiss for failure to state a claim on May 1, 2020.  Dkt. No. 17.
It filed a second motion to dismiss on October 7, 2020 for failure to exhaust administrative
remedies.  Dkt. No. 37.  Plaintiff argued that this second motion was untimely, foreclosed by
Fed. R. Civ. P. 12(g)(2) and *Fort Bend Cnty., Texas v. Davis*, 139 S.Ct. 1843 (2019), and made
in bad faith.  *See* Dkt. No. 47.  The Court need not address the propriety of this second motion as
it dismisses Mercer Hotel Corp. as a defendant from the action.

permit joinder, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." *New York Wheel Owner LLC v. Mammoet Holding B.V.*, 2020 WL 4926379, at *21 (S.D.N.Y. Aug. 21, 2020) (quoting *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008)); *see also Tarr v. Acto Techs., Inc.*, No. 19-cv-7703 (S.D.N.Y. Dec. 29, 2020), Dkt. No. 50 at 3.   In addition, Rule 20(b) provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(b).

## DISCUSSION

Mercer Hotel Corp. does not dispute that the requirements of Rule 20(b) are satisfied by the proposed amendment.  The claims against the new defendants plainly arise out of the same transaction and raise common questions of law and fact.  Mercer Hotel Corp. opposes the amendment on the grounds that it is untimely and that the claims are futile.  Those arguments are not persuasive.

Plaintiff's motion to amend is consistent with this Court's orders and the Case Management Plan in this case.  The Case Management Plan required Plaintiff to move to join additional parties no later than December 30, 2020.  Dkt. No. 49.  On that date, Plaintiff sought leave to file its motion to amend but to do so under seal because it was based on documents as to which Defendants claimed confidentiality.  The Court denied the motion to file under seal without prejudice to Plaintiff refiling the motion to amend, proposed amended complaint and supporting memorandum with proposed redactions by January 20, 2021.  Dkt No. 56.  On that date, Plaintiff submitted the proposed redactions and moved again to file the motion to amend and supporting papers under seal.  Dkt. Nos. 59, 60.  After hearing from Mercer Hotel Corp., the

Court granted that motion.  Dkt. Nos. 61, 64.  Plaintiff's motion is timely.  Indeed, to the extent there was delay, such delay is of Defendants' manufacture—for claiming confidentiality with respect to the documents on which Plaintiff bases this motion.  *See* Dkt. Nos. 57-1, 63.

Mercer Hotel Corp. also asserts that the claims against the three new defendants would be futile both for failure to state a claim for relief and for failure to exhaust administrative remedies.  "In general, however, 'current parties unaffected by the proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants.'"  *New York Wheel Owner*, 2020 WL 4926379, at * 22 (quoting *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014)).  Mercer Hotel Corp. does not assert it will be affected by the proposed amended complaint in anything other than a positive manner—the proposed amended complaint drops Mercer Hotel Corp. as a defendant.  Rather it argues that its counsel anticipates being retained to represent the new defendants after Mercer Hotel Corp. is dropped from the action and the new defendants are added.  Dkt. No. 66 at 8.  Counsel's assertion is insufficient to manufacture standing on the part of Mercer Hotel Corp.  *See, e.g.*, *Custom Pak Brokerage*, 2014 WL 988829, at *2 (holding that current defendant does not have standing to make futility arguments on behalf of proposed new defendant even though the same counsel would be retained).[2]  On this record, a decision to entertain the futility arguments

---

[2] Mercer Hotel Corp. also cites to *New York Wheeler Owner* for the proposition that "some courts have allowed a defendant to assert futility on behalf of a prospective defendant, but in these cases there was usually 'a close legal relationship' between the two."  *New York Wheel Owner*, 2020 WL 4926379, at *22 (quoting *Agri Star Meat & Poultry, LLC v. Moriah Cap., L.P.*, 2011 WL 1743712, at *7 (N.D. Iowa May 6, 2011)); *see* Dkt. No. 66 at 8.  The proposed amended complaint alleges that Mercer I, LLC is the landlord to Mercer Operating, LLC as tenant under an operating lease for Mercer Hotel, and that Andre Balazs has an ownership interest in both Mercer I, LLC and Mercer Operating, LLC.  But Mercer Hotel Corp. has maintained in the litigation that it does not own, operate, or manage the Mercer Hotel, *see* Dkt. No. 18 at 2; Dkt. No. 18-1, and it has not made any arguments in its papers regarding the relationship between itself and the new defendants, much less that it would have a relationship

coming from the mouth of Mercer Hotel Corp. but not being made with authority on the behalf of the new defendants would give those new defendants the best of both worlds, permitting them to enjoy a favorable ruling without suffering the consequences of an adverse ruling, all to the detriment also of judicial efficiency.  *See Tarr*, No. 19-cv-7703 (S.D.N.Y. Dec. 29, 2020), Dkt. No. 50 at 4-5 (refusing to decide futility argument on behalf of new defendant because defendants were "trying to have the best of both words, seeking to enjoy a ruling from the Court that it lacks personal jurisdiction over [the new defendant] without the risk of [the new defendant] suffering a binding ruling").  The Court will entertain any arguments made by and against the new defendants make "on a clean slate."  *New York Wheel Owner*, 2020 WL 4926379, at *22.

The motion to file an amended complaint is granted and Mercer Hotel Corp. is dismissed without prejudice.  Because Mercer Hotel Corp. is dismissed from the action, its two motions to dismiss are denied as moot.

## CONCLUSION

The motion to amend GRANTED.  Dkt. Nos. 51, 60.  Plaintiff shall file the redacted amended complaint within seven (7) days of this Opinion and Order.

Accordingly, Mercer Hotel Corp.'s motions to dismiss for failure to state a claim and for failure to exhaust administrative remedies are DENIED AS MOOT.  Dkt. Nos. 17, 37.  Mercer Hotel Corp. is dismissed without prejudice from the action as a party.  The new defendants may either answer or move within the time period permitted by the Federal Rules of Civil Procedure after they are served.

---

that would permit it to make arguments on behalf of the new defendants.

The Clerk of Court is respectfully directed to close Dkt. Nos. 17, 37, 51, and 60 and to terminate Mercer Hotel Corp. from the action as a defendant.

SO ORDERED.

Dated: February 16, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge